**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CORNELL HESTER,

Plaintiff,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Civil Action
No. 24-07235 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Plaintiff, a former state inmate, is proceeding *pro se* with an Amended Complaint (ECF No. 3, "Complaint") raising claims pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's § 1983 claims with prejudice and decline to exercise supplemental jurisdiction over any potential state law claims.

## I. BACKGROUND[1]

This case arises from Plaintiff's incarceration at the South Woods State Prison. (ECF No. 3 at 1–12). Plaintiff names the New Jersey Department of Corrections ("NJDOC"), South Woods State Prison, Officer Sean Springer, Lieutenant Ernest, Mr. Blizzard, Sargeant Canposs, and New Jersey Scholarship and Transformative Education in Prisons ("NJ-STEP") program counselor Joshua Eaise as Defendants in this matter, with all individual Defendants being sued in their official capacities. (*Id.* at 1–4) (Plaintiff checked off only the box for official capacity).

Plaintiff contends that on May 16, 2024, at approximately 2:30 PM, Officer Springer ordered Plaintiff to pack up his things and moved Plaintiff to the 6-1-right cell unit, which did not

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

have the same amenities and access to the NJ-STEP program as Plaintiff's previous unit, the 6-1-left cell unit. (*Id.* at 14–23). Plaintiff contends that he had not had any disciplinary record in the two years he had been housed in the 6-1-left unit and participated in the NJ-STEP program. (*Id.* at 8). Plaintiff alleges that Officer Springer engaged in racial discrimination and prejudice in moving him to a new unit and has a history of racial prejudice and discrimination against inmates. (*Id.* at 14–23).

Plaintiff was released from prison after the filing of the instant Complaint in June of 2024. (ECF No. 23). In terms of relief, Plaintiff seeks compensatory damages for "several constitutional violations" committed by Defendants. Plaintiff also seeks injunctive relief, asking this Court to: (i) fire the individual Defendants from their respective employment at the South Woods State Prison; (ii) prevent Defendants from being assigned to the 6-1-left college unit in the future; (iii) prevent Defendants from interfering with Plaintiff's participation in the NJ-STEP program; and (iv) place Plaintiff back in the 6-1-left unit. (ECF No. 3, at 6).

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42,

48 (1988). The Court will broadly construe the Complaint as alleging that Defendants subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment and violated the Equal Protection clause of the Fourteenth Amendment through acts arising to racial discrimination.

**A. Mootness**

As a preliminary matter, the Court must address mootness, because federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313. If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the defendant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

Plaintiff requests this Court order Defendants to return him to the 6-1-left unit so he may continue participating in the NJ-STEP program, and to prevent Defendants from removing him from the NJ-STEP program in the future. (ECF No. 3, at 6). Plaintiff, however, has since been released from South Woods State Prison. (ECF No. 23). As Plaintiff is no longer incarcerated, the Court cannot grant these requests for relief. Accordingly, the Court will dismiss Plaintiff's claims and requests for injunctive relief in this regard.

**B. Eleventh Amendment**

Next, returning to Plaintiff's § 1983 claims, the Court must determine whether any of the Defendants are immune from suit. To be liable within the meaning of 42 U.S.C. § 1983, a

defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity (as opposed to their individual capacities, which can be sued) is not a "person" within the meaning of § 1983.

Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent a specific waiver, the Supreme Court has interpreted the Eleventh Amendment to protect a state from "suit in federal court by its own citizens as well as those of another state." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (internal quotation marks omitted) (citing *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Hans v. Louisiana*, 134 U.S. 1 (1890)). This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In this case, Plaintiff has filed suit against the NJDOC, South Woods State Prison, and several officers acting in their official capacities as employees of South Woods State Prison. (ECF No. 3 at 1–4) (Plaintiff checked only the box for official capacity). In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries, like the South Woods State Prison, are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See, e.g.*, *Day v. New Jersey Dep't of Corr.*, No. 21-09986, 2022 WL 170855, at 4* (D.N.J. Jan. 19, 2022); *Szemple v. Rutgers Univ.*, No. 19-13300, 2021 WL 689129, at *2 (D.N.J. Feb. 22, 2021); *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

Consequently, the Court will dismiss with prejudice the § 1983 claims against the NJDOC and South Woods State Prison, as well as the § 1983 claims against the individual Defendants who are sued in their official capacities, for lack of jurisdiction. *See, e.g.*, *Blanciak*, 77 F.3d at 694 n.2 ("The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."); *Grabow*, 726 F. Supp. at 539 (holding that the Court lacked subject-matter jurisdiction and therefore must dismiss the plaintiff's § 1983 claims under Fed. R. Civ. P. 12(b)(6) against the NJDOC because defendants were immune under the Eleventh Amendment).[2]

Finally, as no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims, including any attempted negligence claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss any claims for injunctive relief with prejudice for mootness and will dismiss the § 1983 claims with prejudice for lack of jurisdiction. If Plaintiff believes he can allege facts entitling him to relief against a proper "person" under § 1983, he may file an amended complaint within thirty (30) days.

An appropriate Order follows.

Dated: October 22, 2026

Christine P. O'Hearn

**Christine P. O'Hearn**
**United States District Judge**

---

[2] Although not necessary to the Court's disposition as no federal claims remain, the Court notes that Plaintiff seeks $1 million in compensatory damages. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, however, a prisoner may not bring a civil action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit has interpreted this provision to bar recovery of compensatory damages where there is an absence of a showing of physical injury. *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000). Plaintiff seeks $1 million dollars in damages and states his injuries as "mental anguish, stress, PTSD, and memory lost" but does not allege any physical injury. (ECF No. 3, at 6).